IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLAS J. QUEEN,**<br><br>　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>**ANDRE MATEVOUSIAN,**<br><br>　　　　　　　　　　Respondent. | Case No. 1:16-cv-01441 MJS (HC)<br><br>**FINDING AND RECCOMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THIS MATTER** |

　　　　Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

　　　　Petitioner filed the instant habeas petition in this Court on September 28, 2016. He is currently incarcerated at United States Penitentiary Atwater in Atwater, California. In 1994, Petitioner was convicted of two counts of bank robbery in the District of Maryland. See United States v. Queen, D. Nev., Case No. 93-0366-WMN. Petitioner was

sentenced to a term of 562 months in federal prison.

Despite several prior attempts to challenge his conviction or reduce his sentence, Petitioner now claims that he is entitled to relief based on recently discovered evidence that demonstrates that he is actually innocent of bank robbery. He contends the bank he robbed was not federally insured, and thus not within the ambit of the criminal statute under which he was convicted. (See Pet.)

**I.      Screening the Petition**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or

2

after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus under 28 U.S.C. § 2255, a federal prisoner challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner challenges the validity of his conviction. Such a claim is properly brought under a petition for writ of habeas corpus under 28 U.S.C. § 2255. However, Petitioner alleges that he did not have an unobscured procedural opportunity to bring such a petition. Accordingly, the Court will determine whether Petitioner's claims can be brought under the escape hatch under 28 U.S.C. § 2241.

The Court concludes that it has subject matter jurisdiction over the petition.

### B. Jurisdiction over the Person

28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the

1 custodian who must be named in the petition, and the petition must be filed in the
2 district of confinement. Id.; Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004). It is
3 sufficient if the custodian is in the territorial jurisdiction of the court at the time the
4 petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction
5 that has once been properly established. Ahrens v.Clark, 335 U.S. 188, 193 (1948);
6 Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990).

Petitioner was incarcerated at the United States Penitentiary in Atwater, California (USP Atwater) at the time of filing this petition. USP Atwater is located within the Eastern District of California. Andre Matevousian, Warden at USP Atwater, is Petitioner's custodian and the proper respondent to this habeas action. The Court has proper jurisdiction over Petitioner.

**III.   Abuse of the Writ**

A district court need not consider claims that were previously raised or could have been raised in previous petitions unless declining to consider the claim "would result in a fundamental miscarriage of justice." The abuse of the writ doctrine forbids reconsideration of claims that were or could have been raised in a prior habeas petition, "unless a petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to consider the claim." Alaimalo v. U.S., 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting Calderon v. United States Dist. Ct., 163 F.3d 530, 538 (9th Cir. 1998)).

Petitioner has previously raised this issue in a prior petition for writ of habeas corpus in this Court and has not demonstrated cause for re-raising the issue here. On March 16, 2015, Petitioner filed a petition for habeas corpus with this court. See Queen v. Mateviousian, E.D. Cal. Case No. 1:15-cv-00413 JLT. On November 13, 2015, the Court dismissed the petition. See Case No. 1:15-cv-00413 JLT at ECF No. 24.

The Court addressed Petitioner's arguments that he was innocent based on the bank not being FDIC insured and found that the claims lacked merit. The Court explained:

> First, as Respondent observes, the Federal Deposit Insurance Corporation letter Petitioner attached to his petition, categorically states that the entirety of Provident Bank in Baltimore, Maryland—regardless of the location of the Bank's individual branches—was FDIC-insured on the date Petitioner committed the robbery. Also, as Respondent notes, Petitioner has never denied robbing a branch of Provident Bank on that date. Rather, Petitioner apparently argues that the prosecution used the wrong address, i.e., 5426 Harford Road, rather than 8200 Harford Road, and thus he is "actually innocent;" Petitioner is mistaken.
>
> The jury convicted Petitioner of robbing a Provident Bank branch on the date specified, a fact Petitioner has not denied. Because FDIC insurance was an element of the offense under § 2213, the jury's guilty verdict necessarily implied a finding that the branch Petitioner robbed was federally insured on the date of the crime. While Petitioner may believe that the proper address of the bank was 5426 Harford Road, the FDIC disagrees. Since the letter establishes that Provident Bank—no matter the location of any particular branch of the Bank—in Baltimore was FDIC-insured on the date Petitioner robbed it, Petitioner necessarily robbed an FDIC-insured "institution" within the meaning of § 2113. The fact that a discrepancy may now exist between the original charging document and the proof at trial does not make Petitioner actually innocent within the meaning of the escape hatch. It only means that there is a technical proof issue, or perhaps even a jury instruction issue, that could have been raised and addressed in Petitioner's direct appeal.

See Case No. 1:15-cv-00413 JLT at ECF No. 24.

Petitioner presents the exact same claims in the present petition. Petitioner has presented no evidence that the claims presented here differ from those previously raised. He provides no justification for allowing him to file a second petition alleging the exact same arguments. Based on the doctrine of abuse of the writ, Petitioner is not entitled to habeas relief. The petition must be dismissed.

**IV.    Recommendation**

Accordingly, it is hereby recommended that the petition be dismissed with prejudice in violation of the abuse of the writ doctrine.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: January 11, 2017           /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE