UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS J. QUEEN,<br><br>    Petitioner,<br><br>    v.<br><br>ANDRE MATEVOUSIAN,<br><br>    Respondent. | No. 1:16-cv-01441-DAD-MJS<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>(Doc. No. 15) |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 17, 2017, the petition was dismissed pursuant to the abuse of the writ doctrine and this case was closed. Now pending before the court is petitioner's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(2). (Doc. No. 15.) The cited rule is inapplicable and the court will therefore construe the filing as a motion for relief from judgment pursuant to Rule 60(b).

Among other provisions, Rule 60 allows the court, "[o]n motion and just terms," to "relieve a party or . . . from a final judgment, order, or proceeding," for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6). Rule 60(b)(6)'s catch-all provision is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."

| | |
|---|---|
| 1 | *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham &* |
| 2 | *Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)).  Generally, relief under Rule 60 will be available |
| 3 | in three instances: "1) when there has been an intervening change of controlling law, 2) new |
| 4 | evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest |
| 5 | injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). |
| 6 | The moving party bears the burden of demonstrating that relief under Rule 60(b) is appropriate. |
| 7 | *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). |

Here, petitioner has not met his burden.  Petitioner essentially seeks to reargue the same issues he has previously raised, claiming that the court has misinterpreted his habeas claim.  (Doc. No. 15 (asserting he is "actually innocent of robbing a Provident Bank of Maryland" because he in fact robbed a bank with the name "Provident Savings Bank").)  It has not.  Petitioner presents no intervening change of law or new evidence not previously before the court, and has not shown clear error or manifest injustice.

Accordingly petitioner's motion for new trial (Doc. No. 15), which the court construes as a motion for relief from judgment, is denied.

IT IS SO ORDERED.

Dated:   **August 11, 2017**                            _____
                                                        UNITED STATES DISTRICT JUDGE